Ms. Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman Street, Rm. 518 Denver, CO 80218
Dear Ms. Herzmark:
This is in response to your letter of September 3, 1980 concerning the placing of stickers, by the county assessor, on mobile homes.
QUESTIONS PRESENTED AND CONCLUSIONS
You ask this office to answer the following questions:
1. Is the assessor restricted to stickering only mobile homes newly titled or entering a county?
2. Can all mobile homes be stickered when added to the tax roll each and every year?
The answer to both of your questions is "no."
ANALYSIS
The general assembly enacted Senate bill No. 125 relating to the registration, assessment and taxation of mobile homes (1980 Session). This legislation, while providing for the stickering of mobile homes by the county assessor when the assessor is provided copies of title applications by authorized agents of the executive director of the Department of Revenue, makes no provision for the stickering of mobile homes already titled in Colorado unless the unit is subsequently moved from one county to another.
Specifically, C.R.S. 1973, 42-6-132 (as amended by S.B. 125) provides as follows:
 42-6-132. Where application for certificates of title made. (1) Except as provided in subsection (2) of this section and except as otherwise provided in this part 1, all applications for certificates of title upon the sale or transfer of any motor vehicle described therein shall be directed to the director and filed with the authorized agent of the county or city and county in which such vehicle, upon the issuance of the title therefor, will be registered and licensed for operation upon the highways of this state.
 (2) (a) An application for a certificate of title upon the sale, transfer, or movement into the state of any mobile home, as such term is defined in section 42-1-102 (82), shall be directed to the director and filed with the authorized agent of the county or city and county in which such mobile home is to be located. The authorized agents shall forward copies of all such applications to the county assessor. The owner shall file notice of any change of location within the county with the county assessor or change of location from one county to another county with the county assessor of each county within twenty days after such change of location occurs.
 (b) Any person who knowingly fails to file notice of any change of location as required by paragraph (a) of this subsection (2) shall be assessed a penalty of fifty dollars as provided in section 39-5-116, C.R.S. 1973.
 (3) Upon receiving an application for a certificate of title under subsection (2) of this section, the county assessor shall affix an identification sticker to the mobile home, bearing the serial number of the mobile home, the year of assessment, and the identifying schedule number or the state and county number. The sticker shall be permanently displayed on the mobile home in the right front corner. Said identification sticker shall also be issued to any mobile home added to the tax rolls in any manner other than through title application.
The above quoted section is the only statutory authority, which possibly could authorize county assessors to sticker mobile homes which were already titled on July 1, 1980, the effective date of Senate bill 125.
Clearly, county assessors are directed to affix identification stickers to mobile homes when an application for a certificate of title upon the sale, or transfer, or movement into the state is received from the Department of Revenue authorized agent. The question is whether the last sentence of 42-6-132(3) is authority for the assessor to sticker all mobile homes. This sentence states that the identification sticker shall also be issued to any mobile home added to the tax rolls in any manner other than through title application. The provision surely covers the situation where a mobile home is moved from outside the state into the state or from a county within Colorado to another county within Colorado as the receiving county would "add" the property to its tax roll. Even so, this is not authority for the assessor to sticker mobile homes as suggested in your inquiry on the ground that the property is added to the tax roll each and every year.
While the legislature may have intended that all mobile homes be stickered, such a conclusion can be reached only by surmise or conjecture as the legislation makes no provision permitting the stickering of all mobile homes. It is noted that C.R.S. 1973,42-6-132 falls under part 1, article 6 of title 42, C.R.S. 1973, which is the "Certificate of Title Act" and strictly relates to titling of motor vehicles. If a mobile home owner destroys a sticker — placed on the home at a time other than when titled or added to the tax rolls — no criminal sanction is provided. This reaffirms my interpretation of the statute.
No doubt, it might be advantageous to have all mobile homes stickered. Accordingly, it would be appropriate to seek such legislation. At the same time, consideration should be given to specifying procedures for the issuance of replacement stickers that are damaged or destroyed after issuance. Criminal sanctions should also be considered for the willful tampering with or destruction of a sticker after having been affixed by the assessor.
SUMMARY
The present statute, C.R.S. 1973, 42-6-132 (as amended in 1980), does not permit the assessor to sticker mobile homes except as set forth therein. This statute does not authorize stickering of mobile homes titled on July 1, 1980, unless an application is made for a certificate of title upon the sale, transfer or movement into the state or movement from one county to another county, or when the mobile home is added to the receiving county's tax roll in another manner. Legislation should be sought if it is desired to sticker all mobile homes.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE MOBILE HOMES
C.R.S. 1973, 42-6-132
LOCAL AFFAIRS, DEPT. OF Property Taxation, Div. of
C.R.S. 1973, 42-6-132 as amended does not permit the assessor to sticker mobile homes except as set forth therein. This statute does not authorize stickering of mobile homes titled on July 1, 1980, unless an application is made for a certificate of title upon the sale, transfer or movement into the state or movement from one county to another county, or when the mobile home is added to the receiving county's tax roll in another manner. Legislation should be sought if it is desired to sticker all mobile homes.